**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Konarski, et al., | No. CV-11-00612-TUC-LAB |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the court is the plaintiffs' "Motion for Reconsideration of Order (Doc. 268-1) Finding as Untimely Plaintiffs' Underlying Reconsideration Motion (Doc. 262)" ("Reconsideration Motion"), filed on May 4, 2018. (Doc. 272)

In the pending motion, the plaintiffs argue that the court erred by not applying FRCP 6(d), which adds an extra 3 days to filing deadlines when service has been mailed, to the 14-day deadline for filing a motion for reconsideration as stated in LRCiv 7.2(g)(2). (Doc. 272) The motion will be denied because LRCiv 7.2(g)(2) begins the time period to file a motion for reconsideration at the time of filing, and 9th Circuit precedent provides that FRCP 6(d) is to be applied only when a time period begins at the time of service.

Discussion

Previously on September 14, 2017, the defendants filed a motion for summary judgment on the plaintiffs' equal protection claim. (Doc. 217) The plaintiffs then filed a

motion for sanctions based on parts of the defendants' motion. (Doc. 250) The court rejected the motion on March 15, 2018. (Doc. 260) On April 2, 2018, the plaintiffs filed a motion for reconsideration of the order denying their motion for sanctions. (Doc. 262) The court denied this motion because it was filed after the 14-day deadline for motions for reconsideration prescribed by LRCiv 7.2(g)(2). (Doc. 268)

In the pending motion, the plaintiffs move for reconsideration of the prior order denying their motion for reconsideration on the grounds that FRCP Rule 6(d) grants 3 days on top of the 14-day time period prescribed by LRCiv 7.2(g)(2). (Doc. 272) This would place the deadline on April 1, 2018, a Sunday. The deadline would then be pushed forward to the next business day, April 2, the day the plaintiffs filed the motion.

The plaintiffs are correct in that "the time periods prescribed in the Local Rules are to be computed in accordance with Rule 6, [FRCP]." LRCiv 7.2 n.5. However, Rule 6(d) gives additional time only "when a party may or must act within a specific time after being *served*." (Emphasis added). That is, Rule 6(d) does not apply when, as in this case, the period of time within which the party must act is triggered by a filing, not service. *Kyle v. Campbell Soup Co.,* 28 F.3d 928, 930 (9th Cir. 1994), as amended on denial of reh'g (Apr. 8, 1994). (Referring to FRCP Rule 6(e), which has since become 6(d)). *See also Wilson v. Fox*, No. 17-17091, 2017 WL 6945894, at *1 (9th Cir. Dec. 19, 2017), *Kimber v. Grant*, No. 17-56883, 2018 WL 1326393, at *1 (9th Cir. Feb. 27, 2018). This is because "the probable purpose of Rule 6[(d)] [is] to equalize the time for action available to parties served by mail with that afforded those served in person. This purpose is not relevant here, where the period during which notice must be provided commences in the same way for all claimants." *Carr v. Veterans Admin*., 522 F.2d 1355, 1357 (5th Cir. 1975). Here, as in *Carr*, the time period is the same for all parties.

The plaintiffs cite in their motion to *Rohr v. Crime Victims Comp. Comm'n of Hawai'i*, No. CV 16-00162 LEK-KSC, 2017 WL 776106 (D. Haw. Feb. 28, 2017), which applies FRCP 6(d) to a Hawaiian local rule with similar wording to LRCiv 7.2(g)(2). However, this court is bound by the precedent set by the 9th Circuit Court of Appeals,

which clearly expresses that FRCP Rule 6(d) is to be applied only to time periods initiated by service. Motions for reconsideration in Arizona are governed by LRCiv 7.2(g)(2), which states that they "shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Because the time period runs from filing and not service, Rule 6(d) does not grant an extra three days to the time period. This means that plaintiffs would have only had 14 days from the original March 15th filing date to respond, landing on Thursday, March 29th. The plaintiffs did not file their motion until April 2nd, making it untimely. Accordingly,

IT IS ORDERED that the plaintiffs' motion for reconsideration, filed on May 4, 2018, is DENIED. (Doc.272)

Dated this 6th day of June, 2018.


_Leslie A. Bowman_

Leslie A. Bowman
United States Magistrate Judge