**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Konarski, et al., | No. CV-11-00612-TUC-LAB |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Tucson, et al., | |
| Defendants. | |

Pending before the Court is the defendants' "Motion for reconsideration of order denying defendants' motion for partial summary judgment on plaintiffs' class-of-one claim (Doc. 295) or, in the alternative, for clarification of this Court's ruling," filed on June 20, 2018. (Doc. 299)

In the pending motion, the defendants argue that the Court erred in distinguishing this case from *Engquist v. Oregon Dep't. of Agr.*, 553 U.S. 591 (2008). (Doc. 299 at 3:4-15). They believe that the Court should not have recognized a difference between a defendant city acting as an employer and as an administrator (of HAP contracts). *Id*. The defendants also argue that the Court was mistaken in finding that the plaintiffs' class-of-one claim was not barred because of the issue of fact as to whether the HAP agreements were withdrawn as an exercise of discretion or out of personal animus. *Id*. at 3:17-4:5. The defendants finally argue that the Court should have required the plaintiffs to show that they were treated differently from similarly situated individuals. *Id*. at 5:23- 6:22. In

the alternative, they request clarification on the issue of liability on the class-of-one claim.

The Court denies the defendants' motion because it puts forward arguments that were, or could have been, raised earlier.

Discussion

Previously, on September 14, 2017, the defendants filed a motion for partial summary judgment. (Doc. 217) The Court granted the motion in part and denied it in part on June 5, 2018. (Doc. 295) The defendants moved for an extension of the deadline for filing a motion for reconsideration on June 12, 2018. (Doc. 298) The motion for extension was granted *nunc pro tunc* and the motion for reconsideration was filed on June 20, 2018. (Doc. 299)

a. Standard

A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through – rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *see also United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Nor may they be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988); *Rowe ex rel. Rowe v. Bankers Life & Cas. Co.*, 572 F. Supp. 2d 1138, 1147 (D. Ariz. 2008), clarified on denial of reconsideration (Sept. 17, 2008).

b. *Engquist*

The defendants argue first that they are entitled to summary judgment under *Engquist. See Engquist v. Oregon Dep't. of Agr.*, 553 U.S. 591 (2008). In that case, the Supreme Court explained that class-of-one claims based on "arbitrary, vindictive and malicious reasons" are not permitted in the employment context. 553 U.S. at 594-595. *Engquist* teaches that personality conflicts and the like are a valid problem in an employment context, but they cannot interfere with "arms-length government decisions." *Id.* at 604. Constant review of day-to-day discretionary acts would undermine government functioning. *Id.* at 607.

The defendants explain that the Ninth Circuit applies *Engquist* past the employment context into any "forms of state action that by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (execution protocol). (Doc. 299 at 7:19-8:3) *Towery* also precludes class-of-one claims "absent any pattern of generally exercising the discretion in a particular manner while treating one individual differently and detrimentally." 672 F.3d at 660-61. The defendants also note that both *Engquist* and *Towery* emphasize the type of government action, not the motive. (Doc. 299, pg. 8)

The defendants support their claim by stating that Congress gives the defendant city discretion to determine Section 8 participation under 24 C.F.R. § 982.306, which makes such decisions unreviewable. (Doc. 299, pg. 8). Thus, review of the decision by the Court "will have undone Congress's (and the States') careful work." *Engquist*, 553 U.S. at 607.

The defendants further believe that *Towery* precludes the class-of-one claim because the plaintiffs have no evidence of a pattern by the defendants of rescinding contracts in a particular way and treating them differently and detrimentally. Further, they argue that the plaintiffs have not been treated detrimentally at all, because they had no

right to Section 8 participation and the defendants have compensated them for the inconvenience.

The defendants allege no new evidence. *Engquist* and *Towery* were both decided before the defendants' original motion for summary judgment (doc. 22), so there has been no change in controlling law. The defendants use language from LRCiv 7.2(g), stating that the court "misapprehended" *Engquist*. (Doc. 299 at 3) Presumably, this is a reference to the "clear error" or "manifestly unjust" standard contemplated in *School Dist. No. 1J*. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)

Given that the precedents the defendants rely on have existed since early 2012, there is no reason the defendants could not have raised these arguments earlier in the litigation. Thus, *Kona* precludes this claim. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

c. Similarly-situated individuals

The defendants state that a class-of-one plaintiff must show that he was "intentionally treated differently from others similarly situated," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), and that there was no rational basis for such treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1023 (9th Cir. 2011). They argue that plaintiffs have not shown evidence of others similarly situated. (Doc. 299, pg. 10) The defendants specifically cite *Prime Healthcare Servs. v. Harris*, 216 F. Supp. 3d 1096, 1117 (S.D. Cal. 2016), in which the court dismissed a class-of-one claim that lacked evidence of sufficiently similar others and found that a pretext of animus did not affect the "similarly situated" requirement of the claim. *Id*. at 1118.

The defendants also disagree with the Court's reliance on *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013), distinguishing that case because the plaintiff there could exclude all rational bases for the conduct at issue. They argue that the Seventh Circuit otherwise bars class-of-one claims with any possible rational basis. *Miller v. City*

*of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015); *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014). The Ninth Circuit has not ruled on this issue. (Doc. 299, pg. 12)

The defendants further require that the plaintiffs show evidence of competitors with an "extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1140 (9th Cir. 2011). Competitors "are similarly situated only when they are 'arguably indistinguishable.'" *Erickson v. Cty. of Nevada ex rel. Bd. of Supervisors*, 607 F. App'x 711, 712 (9th Cir. 2015) (quoting *Engquist*, 553 U.S. at 601). According to the defendants this would mean other landlords "with a similar history of acrimonious conduct towards the City and discriminatory conduct towards tenants who were allowed to retain their contracts. *Erickson*, 607 F. App'x at 712." (Doc. 299, pg. 14)

These arguments are precluded for the reasons explained above. They were, or could have been, raised earlier in the litigation, and are thus inappropriate for a reconsideration motion.

d. Clarification

The defendants move in the alternative for clarification of the Court's order granting in part the motion for partial summary judgment. It appears that they would have the Court clarify that the class-of-one claim is against Peggy Morales alone, and not against the city. (Doc. 299, pg. 14)

In the interest of clarification, the court states as follows: In its order, the court granted the city's motion for partial summary judgment on the issue of *Monell* liability. (Doc. 295, pg. 9-14) The class-of-one claim does not create liability for the city pursuant to *Monell*. *Id.*; *Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978). The court was not asked to determine which of the individual defendants *was* potentially liable, but Morales's potential liability does not appear to be in dispute.

The parties may address the issue further in their proposed pretrial order.

IT IS ORDERED that the defendants' motion for reconsideration is DENIED. (Doc. 299) The deadline for lodging a proposed pretrial order is extended to August 17, 2018. *See* (Doc. 165) The parties may use as a guideline the example provided on the court's website at JGZ Joint Proposed Pretrial Order-Civil.pdf.

Dated this 19th day of July, 2018.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge